United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 5, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41769
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERGIO PEREZ-CRUZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-1028-2
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Sergio Perez-Cruz (Perez) appeals his jury-trial conviction

for possession with intent to distribute, and conspiracy to

possess with intent to distribute, more than 100 kilograms of

marijuana.  Perez argues that the district court abused its

discretion in allowing certain opinion testimony by law

enforcement agents.  He further argues that the evidence was

insufficient to sustain his convictions.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Contrary to Perez's contentions, the law enforcement agents who testified at his trial did not offer improper opinions regarding his knowledge of the marijuana. Agents Garza, Medina, and Hacking offered their analyses of the evidence found in Perez's case in the light of their special knowledge as experts in narcotics trafficking. See United States v. Speer, 30 F.3d 605, 610 (5th Cir. 1994). Because the agents offered explanations of the facts at trial, rather than forbidden opinions regarding Perez's guilty knowledge, see United States v. Gutierrez-Farias, 294 F.3d 657, 663 (5th Cir. 2002), cert. denied, 537 U.S. 1114 (2003), the district court did not abuse its discretion in allowing the testimony.

In asserting that the evidence was insufficient, Perez challenges the guilty-knowledge elements of the crimes of conviction. Viewing the evidence in the light most favorable to the Government and giving the Government the benefit of all reasonable inferences, there is sufficient evidence from which the jury could infer that Perez knew that marijuana was in the Market Street residence and that he knowingly participated in a drug-trafficking conspiracy. See United States v. Inocencio, 40 F.3d 716, 724 (5th Cir. 1994). The evidence at trial established that the Market Street house was being used to store and package marijuana for distribution. Perez had access to the residence, as shown by his knowledge of the combination to the lock on the front gate and his ability to open it. The jury could also

reasonably infer that Perez had previously been inside the residence based on his ability to open the lock. The cellophane and grease Perez purchased with Arevalo were being used to package the marijuana, as indicated by the "black bundle of cellophane containing marijuana" found by Officer Hernandez.

Although Perez asserts that he did not know marijuana was in the house and that he was not part of a conspiracy, the jury could reasonably infer guilty knowledge and willing participation in a conspiracy based on the circumstances as a whole. See United States v. Morris, 46 F.3d 410, 420 (5th Cir. 1995); United States v. Medina, 887 F.2d 528, 530-31 (5th Cir. 1989). Because "a reasonable trier of fact could [have] f[ou]nd that the evidence established guilt beyond a reasonable doubt," Perez's insufficiency-of-the-evidence claim fails. See United States v. Bell, 678 F.2d 547, 549 (5th Cir. 1982)(en banc).

Based on the foregoing, the district court's judgment is AFFIRMED.